Cheshire,
No. 4580.

BEATRIX THORNE SAGENDORPH

*v.*

OLIVER W. MARVIN *& a.*

Argued June 4, 1957.

Decided June 20, 1957.

*Howard B. Lane* (by brief and orally), for the plaintiff.

*Louis C. Wyman,* Attorney General and *Warren E. Waters,* Deputy Attorney General (*Mr. Waters* orally), for the defendant.

KENISON, C. J. Certain designated interest and dividends (RSA 77:4) constitute taxable income "received during the calendar year . . . " (RSA 77:3) which is taxed at a specified rate "for the year in which the incomes taxed under this chapter are received." RSA 77:1. The tax in this case was levied under RSA 77:12 which reads as follows: "FROM NONRESIDENT TRUSTEES.

If an inhabitant of this state receives income from one or more trustees, none of whom is an inhabitant of this state or has derived his appointment from a court of this state, such income shall be subject to the taxes imposed by this chapter if it would be taxable to such inhabitant if received by him from its source." The issue is whether the taxpayer should be assessed on the gross amount received by the nonresident trustee as the defendant contends or the net amount, after deducting trustee's fees and expenses and the State of Illinois taxes, as the plaintiff contends. Since there are no decisions in this state determinative of the issue, we look to the Massachusetts cases inasmuch as our statute was substantially copied from the original Massachusetts statute.

The plaintiff does not contest the power to tax an inhabitant of this state on income received from trust assets located in Illinois. *Conner* v. *State*, 82 N. H. 126; *Opinion of the Justices*, 99 N. H. 512; *Opinion of the Justices*, 99 N. H. 515. But she contends that the tax under RSA 77:12 is to be levied only on the amount received by her and not on the amount received by the trustees. This view finds support in *Commissioner of Corporations & Taxation* v. *Thayer*, 314 Mass. 375, 377, where it was held that the statute limited the tax to the amount "received" by the taxpayer "either actually or constructively." If the trustee should pay a debt of the plaintiff this would constitute a constructive receipt of income to the plaintiff even though it never actually came into the possession of the plaintiff. *Commissioner of Corporations & Taxation* v. *Dalton*, 304 Mass. 147. However, it does not appear that the trustee's fees and expenses and the Illinois state tax were an obligation of the plaintiff rather than an obligation of the corpus of the trust.

It is true there are no express deductions authorized by RSA ch. 77, which allows only an exemption of six hundred dollars in taxable income. RSA 77:5. But the taxing statute can rise no higher than its source which by its terms is limited to income "received" by the beneficiary. RSA 77:1, 12. The income the beneficiary received from the nonresident trustee was the amount paid to her by the trustee after deducting fees, expenses and Illinois taxes, and the tax operates on this latter amount.

It is significant that Massachusetts in 1952 (Mass. Acts and Resolves, 1952, *c.* 262) deemed it necessary to define the meaning of income received to include amounts withheld from the beneficiary for the payment of state and federal taxes. Mass. G. L.

(Ter. *ed.*) *c.* 62, *s.* 61. Likewise, in 1955, it broadened the definition of income received by a resident from a nonresident trustee. Mass. Acts and Resolves, 1955, *c.* 592, *s.* 3; G. L. (Ter. *ed.*) *c.* 62, *s.* 11. No such amendments have been made in our statute and it is governed by the reasoning in *Commissioner of Corporations & Taxation* v. *Thayer,* 314 Mass. 375, *supra,* construing the then Massachusetts statute which was similar to our existing statute.

The plaintiff is subject to tax only on the amount received by her.

*Remanded.*

WHEELER, J., did not sit; the others concurred.