Rockingham
No. 78-275

IRENE DUPONT, M. & N.F. OF
MICHELE DUPONT

v.

ETHEL CHAGNON

November 14, 1979

*Mullaney & Richardson P.A.*, of Rochester (*John G. Richardson* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Eugene M. Van Loan III* orally), for the defendant.

BROCK, J.   This is a tort action in which plaintiff seeks to recover for injuries suffered by her minor daughter when she was struck by an automobile operated by the defendant, Ethel Chagnon. Trial by jury, with a view, resulted in a verdict for the defendant. Plaintiff excepted to the trial court's failure to instruct the jury concerning the provisions of RSA 262-A:35. The questions of law raised by plaintiff's exception were reserved and transferred by *Loughlin, J.*

On May 18, 1974, the defendant was operating her automobile on Route 152 in Nottingham. It was a clear day and the road was dry. As her vehicle climbed a hill, defendant's view was partially obstructed by a large embankment on the right-hand side of the road. The embankment was situated at the crest of the hill, one-and-a-half feet from the road. Upon reaching the crest of the hill, defendant observed the three Dupont children, Debbie, age 7, Linda, age 6, and Michele, age 3, standing on the right-hand shoulder. They were approximately fifty to sixty feet away from her vehicle on an unimproved shoulder that served as a drainage run for surface water. It is clear that the children were not standing on the paved portion of the roadway at the time defendant saw them. The jury could have found that the children were anywhere from one-and-a-half to ten feet from the pavement, depending upon whose testimony they accepted. Upon observing the children, the defendant, traveling at a speed of twenty-five to thirty miles per hour in a forty miles per hour zone, removed her foot from the accelerator. As her vehicle passed the children, Michele, in an apparent attempt to cross the roadway, suddenly ran into the side of the defendant's vehicle. Michele suffered severe facial lacerations and permanent scarring.

In the charge, the trial judge properly instructed the jury that "[n]egligence . . . is the want of due care. It is the lack of such care as a reasonably, prudent person would exercise under like or similar circumstances." It is plaintiff's contention, however, that the trial judge's failure to tailor his instructions to the jury to the provisions of RSA 262-A:35 was reversible error. That statute provides that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child . . . upon a roadway."

Plaintiff argues that RSA 262-A:35 imposes a higher standard of care than the common law duty of care as to which the jury was

instructed. Whether this argument has merit is unclear. *See Leonteos v. Haase*, 410 F.2d 633, 638 (7th Cir. 1969) (holding identical Illinois statute embodied common law duty of care); *cf. Manor v. Gagnon*, 92 N.H. 435, 439, 32 A.2d 688, 692 (1943) (holding statutory predecessor of RSA 262-A:35 merely reinforced the common law). We need not reach that question in this case because the injured child was not on the roadway prior to the accident and, therefore, the statute is not applicable.

It is a well-established principle of statutory construction that all words used should be given their ordinary meaning unless a different meaning is indicated from the context in which they are used. *Londonderry v. Faucher*, 112 N.H. 454, 457, 299 A.2d 581, 583 (1972); J. SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 45.08 (C. Sands 1973); *cf. Public Service Co. of New Hampshire v. State*, 101 N.H. 154, 160, 136 A.2d 600, 605 (1957) (words used in tax formula to be given their usual and common meaning). "Roadway" is commonly understood to mean "the part of a road over which the vehicular traffic travels." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1963 (14th ed. 1961). Moreover, the other sections of RSA ch. 262-A make it clear that this was the meaning the legislature ascribed to the word. *See, e.g.*, RSA 262-A:15; RSA 262-A:39 I; RSA 262-A:74. "[W]ords used with plain meaning in one part of an act are to be given the same meaning in other parts of the act, unless a contrary intention is clearly shown." *Appalachian Mountain Club v. Meredith*, 103 N.H. 5, 16, 163 A.2d 808, 815–16 (1960). "Where the language of a statute is plain and unambiguous, the statute must be given effect according to its plain and obvious meaning." *Ahern v. Laconia Country Club Inc.*, 118 N.H. 623, 624, 392 A.2d 587, 588 (1978). Thus, an unimproved shoulder is not a part of the roadway.

Inasmuch as our statute was adopted from the Uniform Vehicle Code, it is important to consider the definition of the word "roadway" as used by the drafters of that code. *See Sagendorph v. Marvin*, 101 N.H. 79, 81, 133 A.2d 490, 491 (1957). The Uniform Vehicle Code in section 1-158 defined "roadway" as "[t]hat portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the berm or shoulder." Even though our legislature did not adopt the definitional sections of the Uniform Vehicle Code, we may use them in construing a statute which codifies the verbatim language of that code. *See* J. SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION ch. 52 (C. Sands 1973). Furthermore, R.L. ch. 119, § 22, the predecessor of RSA 262-A:35, applied to the

"traveled part of a highway" and was construed as excluding the shoulder. *LaDuke v. Lord*, 97 N.H. 122, 83 A.2d 138 (1951) (statute does not apply to a pathway beside the highway). Considering these factors, even if "roadway" did not have a commonly accepted meaning, there is scant evidence of a legislative intent to apply RSA 262-A:35 to persons standing on an unimproved shoulder of the road.

"It is not our function to speculate upon any supposed intention [of the legislature which is] not appropriately expressed in the act itself." *Ahern v. Laconia Country Club Inc.*, 118 N.H. 623, 625, 392 A.2d 587, 588 (1978). We hold that the word "roadway" as used in RSA 262-A:35 does not include an unimproved shoulder of the road. Therefore, the trial court was correct in not instructing the jury under the statute.

*Exceptions overruled.*

GRIMES, C.J., and DOUGLAS, J., did not sit; the others concurred.