Original
No. 79-102

GEORGE AROUCHON

v.

FRANK E. WHALAND, COMMISSIONER,
INSURANCE DEPARTMENT, & a.

December 28, 1979

924

*Boyer Legal P.A.*, of Nashua (*Richard E. Boyer* orally), for the plaintiff.

*Thomas D. Rath*, attorney general (*Andrew R. Grainger*, assistant attorney general, orally), for the defendant.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, orally), for the intervenor, State Farm Mutual Automobile Insurance Co.

BOIS, J. This is an appeal pursuant to RSA ch. 541 from the insurance commissioner's denial of plaintiff's request for a hearing pursuant to RSA ch. 417 to investigate alleged unfair and deceptive acts by State Farm Mutual Automobile Insurance Company (hereinafter State Farm). We dismiss plaintiff's appeal.

This dispute arises from an automobile ,accident in Ohio on September 21, 1977, in which a resident of Ohio insured by State Farm collided with plaintiff, a resident of New Hampshire. Plaintiff was notified by State Farm that its New Hampshire office would handle the claim. For twelve months thereafter, plaintiff's attorney compiled pertinent medical information which he transmitted to

State Farm's local agent on a regular basis. On October 6, 1978, the agent told plaintiff's attorney that he did not know the liability limits of the policy at issue and would have to get authorization from State Farm's main office to disclose them.

Plaintiff complains that the agent had agreed to disclose the applicable policy limits of liability insurance in exchange for information pertaining to plaintiff's damages. He argues that the agent's conduct was purely a pretense, calculated to acquire information under the guise of effecting a good faith out-of-court settlement, and that such conduct constitutes a breach of their agreement and a deceptive practice under RSA 417:4(15) (Supp. 1977).

■ We agree with plaintiff that the commissioner in his discretion had the authority to hold a hearing pursuant to RSA 417:4 and 417:12 to consider the allegations complained of. However, we recognize that the primary purpose of RSA ch. 417 is to regulate trade practices in the business of insurance, and not to redress individual wrongs. *See* RSA 417:1. The commissioner claimed that the complaint was the first of its kind against State Farm, and did not feel that an unfair practices hearing on the basis of a single complaint was warranted. Although we question the commissioner's judgment in light of the gravity of the allegations, we do not find an abuse of discretion.

We emphasize that plaintiff is not without a remedy. The denial of plaintiff's request did not foreclose his right to seek a legal remedy for the wrong complained of. *See* N.H. CONST. pt. I, art. 14. Furthermore, plaintiff advises that suit is pending in Ohio for damages stemming from the accident, and that he has recourse to discover the limits of insurance liability in the course of those proceedings under a statute similar to RSA 498:2-a (Supp. 1977). In this regard, plaintiff admitted at oral argument that his undertaking of this appeal was a matter of principle alone, and that he stands to gain nothing but personal satisfaction from a finding in his favor. Although the record reveals that a genuine misunderstanding may exist between the parties, we suggest to counsel that energies can better be directed to seeking an appropriate vindication of a claim in a single court of law than to pursue a fruitless appeal. Restraint may better serve the cause of preserving judicial economy and a client's monetary resources.

■ Plaintiff argues that the commissioner's stated policy of not interceding to help resolve problems with insurance companies when a complainant is already represented by counsel is a denial of equal protection. Clearly, a complainant with retained counsel is less likely

to require the assistance of the insurance commissioner to apprise him of his rights or to intervene on his behalf in resolving a dispute. Because the commissioner has a valid interest in effectuating the most efficient use of his department's resources, we find that his policy of "normally" not interceding in individual complaints where counsel has been retained is rational and does not violate equal protection. *See State v. Amyot*, 119 N.H. 671, 407 A.2d 812 (1979).

■ Plaintiff also argues that this policy violates RSA ch. 417. Because the purpose of the statute is to regulate insurance trade practices and not redress individual wrongs, we agree that a complainant's legal representation should not bear upon the determination of whether an unfair practices hearing is warranted. The commissioner, however, did not claim to apply such a policy to proceedings under RSA ch. 417, but only to cases in which "our Complaint Division attempts to adjust difficulties between complainants and companies." Such intervention is a service provided by the commissioner to aid individual complainants in resolving disputes with their insurance companies, and is not related to RSA ch. 417 proceedings. Accordingly, the stated policy does not contravene the provisions of the statute.

Although we dismiss plaintiff's appeal, we take issue with State Farm's unwillingness to disclose the insurance policy limits at issue. Regardless whether plaintiff's allegations of deceptive practices are true, such an attitude on the part of the insurer fosters needless litigation and discourages out-of-court settlements. We are not persuaded by the argument of State Farm's attorney that disclosure of policy limits prior to litigation is potentially injurious to the insured, and that the insurance industry's fear of bad faith suits by its insured justifies nondisclosure.

■ While recognizing the duty of an attorney to represent a client zealously and competently, we remind counsel of the concurrent obligation to maintain the integrity of the legal profession and improve upon the legal system. *See* ABA CODE OF PROFESSIONAL RESPONSIBILITY, CANONS 1, 8 (1976). We regard this obligation as more than a mere platitude and suggest that it is one factor which distinguishes the practice of law from a business.

*Appeal dismissed.*

BROCK, J., did not sit; the others concurred.