Goffstown District Court
No. 82-031

WILLIAM N. CHASE, SR.

v.

ERNESTA DORAIS

July 2, 1982

*Ahlgren & Smith*, of Manchester (*Gregory J. Ahlgren* on the brief and orally), for the plaintiff.

*Ray Raimo*, of Manchester, by brief and orally, for the defendant.

DOUGLAS, J. In this case of first impression, we determine the breadth of the consumer protection act, RSA ch. 358-A (Supp. 1981), in New Hampshire.

On September 8, 1980, the defendant, Ernesta Dorais, placed an advertisement in the Manchester Union Leader which stated: "1963 Convertible Ford Falcon, powder blue, good condition, a car you will fall in love with. $1,000 or best offer."

The plaintiff, William Chase, read the advertisement and contacted Mrs. Dorais. The plaintiff and his son, Francis Chase, went to speak with Mrs. Dorais and inspect the vehicle. The plaintiff questioned Mrs. Dorais about some apparent defects in the car and the general condition of the vehicle. Mrs. Dorais clearly stated that she had no knowledge of automobile mechanics and no skill in evaluating the worth or condition of a used car. Mrs. Dorais also told the plaintiff that she had never before sold a used car. The plaintiff was given ample opportunity to inspect the vehicle in any way he desired prior to the sale. The plaintiff drove and inspected the car with his son, and the defects in the car about which he now complains were either known by him or easily discoverable by inspection at the time of the sale. The plaintiff bought the car for $800. In order to pass inspection, he had to pay $600 to have the frame and floor rewelded.

The plaintiff brought suit in the Goffstown District Court based on four separate causes of action: assumpsit, trespass, negligent misrepresentation, and violation of RSA ch. 358-A (Supp. 1981). The court (*Pingree*, J.) entered judgment for the defendant, finding "that the newspaper advertisement contained a negligent misrepresentation as to 'good condition', but that such misrepresentation was not causal in that the [plaintiff] was offered an opportunity to inspect, and did inspect the vehicle prior to sale." After rehearing, the judgment was affirmed, and plaintiff appealed the court's decision with regard to RSA ch. 358-A (Supp. 1981), claiming that the defendant's negligent misrepresentation was unlawful under RSA 358-A:2 I (Supp. 1981).

RSA ch. 358-A (Supp. 1981), enacted in 1970, is a comprehensive statute designed to regulate business practices for consumer protection by making it unlawful for persons engaged in trade or commerce to use various methods of unfair competition and deceptive business practices.

RSA 358-A:1 II (Supp. 1981) defines "trade" and "commerce" in part as: "the advertising, offering for sale, sale, or distribution of any services and any property, . . . and shall include any trade or commerce directly or indirectly affecting the people of this state." Section 2 I makes it unlawful to use any unfair or deceptive act or practice in the conduct of any "trade or commerce within this state." RSA 358-A:2 I (Supp. 1981).

Plaintiff asserts that the act should be read to include any sale or advertising for sale of any real or personal property, whether it takes place at a yard sale or in a department store. Such a reading would remove even isolated, non-business sales or contracts from

the realm of contract and sales law and subject them to RSA ch. 358-A (Supp. 1981).

Although this case is one of first impression in New Hampshire, there is a well developed body of law defining trade and commerce in Massachusetts, where the consumer protection statute, Massachusetts General Laws Ann., ch. 93A § 1 (West 1980), contains exactly the same definition of trade and commerce as is contained in RSA ch. 358-A (Supp. 1981).

The Massachusetts Supreme Judicial Court first confronted the question posed by this case in *Lantner v. Carson*, 373 N.E.2d 973 (Mass. 1978), where the plaintiffs, private citizens, brought suit under chapter 93A for damages sustained when they bought a house from another private citizen who did not advise them of certain defects. The court upheld the dismissal of the complaint, ruling that, "[w]e conclude . . . that as broadly and expansively as the statute applies to the regulation of business practices . . . , G.L. c. 93A is not available where the transaction is strictly private in nature, and is in no way undertaken in the ordinary course of a trade or business . . . ." *Id.* at 974–75 (citations omitted). The court explained that " 'unfair or deceptive acts or practices in the conduct of any trade or commerce,' must be read to apply to those acts or practices which are perpetrated in a business context." *Id.* at 977; *see Begelfer v. Najarian,* 409 N.E.2d 167, 176 (Mass. 1980) (whether isolated transaction takes place in a "business context" depends on facts and circumstances of case).

We agree with the Massachusetts court's characterization of the statute and therefore hold that RSA ch. 358-A (Supp. 1981) does not apply to the transaction at issue here, as it did not take place in a "trade or business context."

*Affirmed.*

All concurred.