WVG, et al.

v.

**PACIFIC INSURANCE CO., et al.**

**No. C83-616-L.**

United States District Court,
D. New Hampshire.

Oct. 9, 1986.

Ronald L. Snow, Thomas N. Masland, Orr & Reno, Concord, N.H., for plaintiffs.

Atty. General's Office, Concord, N.H., amicus curiae.

---

James L. Druse, Gallagher, Callahan & Gartrell, Concord, N.H., Cozen & O'Connor, Philadelphia, Pa., for defendants.

McDonough & O'Shaughnessy, Manchester, N.H., for third-party defendant.

## ORDER ON MOTION TO DISMISS COUNT III OF PLAINTIFFS' AMENDED COMPLAINT

LOUGHLIN, District Judge.

This action involves a claim for fire insurance proceeds arising out of a fire which occurred at plaintiffs' business premises, known as the White Mountains Resort, in Thornton, New Hampshire on February 28, 1983. The matter is presently before the court upon defendant's motion to dismiss count three of plaintiffs' amended complaint.

The plaintiffs purchased insurance from defendant Pacific Insurance Company in October, 1982, the fire occurred on February 28, 1983, and plaintiffs filed their claims for insurance coverage with defendant on June 10, 1983, and again on August 10, 1983. In September, 1983, defendant notified plaintiffs that the company was unwilling to voluntarily pay plaintiffs' claims. Plaintiffs filed their complaint with this court on October 6, 1983, alleging two counts: one for breach of contract; and the second for breach of contract in bad faith. Plaintiffs filed a motion to amend their complaint on February 24, 1986, alleging as a third count that defendant violated the New Hampshire Consumer Protection Act, RSA ch. 358–A. Plaintiffs' motion to amend was granted by order of Magistrate Barry of this court on March 27, 1986.

Defendant requests the court to dismiss count three of plaintiffs' amended complaint under Fed.R.Civ.P. 12(b)(6). Defendant argues that RSA ch. 358–A, entitled "Regulation of Business Practices for Consumer Protection," hereinafter referred to as the "Consumer Protection Act", does not allow plaintiffs a private action because such an action is precluded by RSA ch. 417, entitled "Unfair Insurance Trade Practices." Therefore, defendant argues, plaintiffs have failed to state a cause of action in their third count and this court should dismiss the count pursuant to Fed.R.Civ.P. 12(b)(6).

"The motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted." *Druker v. Sullivan*, 334 F.Supp. 861, 864, *aff'd*, 458 F.2d 1272 (1st Cir.1971) (citations omitted). Nevertheless, to survive a motion to dismiss, plaintiffs' complaint must allege facts which, if true, state a claim as a matter of law. *999 v. Cox & Co.*, 574 F.Supp. 1026 (E.D.Mo. 1983). In this case it is necessary to ascertain whether a legal claim exists for plaintiffs rather than whether the facts alleged by plaintiffs support a legal claim. This court has diversity jurisdiction under 28 U.S.C. § 1332, so the law of New Hampshire must be applied to this case. *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The specific issue presented by defendant's motion to dismiss is whether a cause of action exists under New Hampshire RSA ch. 358–A, the Consumer Protection Act, for an insurer's alleged unfair and deceptive practices in failing to pay an insured's claim. Due to the fact that this issue has never been decided in New Hampshire, this court transferred the question to the New Hampshire Supreme Court by an order of certification on June 18, 1986. By order dated August 1, 1986, the New Hampshire Supreme Court respectfully declined to answer the question transferred and directed attention to RSA ch. 358–A:3, I. At the outset it should be noted that at least one jurisdiction has stated that, "[T]he fact that the legal principles are unsettled is not an irreparable bar to the action, and does not justify dismissing the complaint for failure to state a claim upon which relief can be granted." *Kipf v. United States*, 501 F.Supp. 110, 117 (D.Mont.1980), *citing Ybarra v. City of San Jose*, 503 F.2d 1041, 1043 (9th Cir. 1974). Of course, if the lack of a state law claim is apparent then dismissal of the claim is appropriate. *See Keating v. Shell Chemical Co.*, 610 F.2d 328, 332 (5th Cir. 1980).

New Hampshire's Consumer Protection Act, RSA ch. 358-A, states that, "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA ch. 358-A:2. The act exempts certain transactions from its provisions, including "trade or commerce otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of this state or of the United States." RSA ch. 358-A:3, I. The act explicitly allows private actions by "any person injured by another's use of any method, act or practice declared unlawful under [the Consumer Protection Act.]" RSA 358-A:10, I.

Defendant argues that the insurance industry is regulated under RSA ch. 417, the Unfair Insurance Trade Practices statute and, by virtue of such regulation, the insurance industry is exempt from the provisions of the Consumer Protection Act pursuant to RSA ch. 358-A:3, I.

"It is a well-established principle of statutory construction that all words used should be given their ordinary meaning unless a different meaning is indicated from the context in which they are used." *Dupont v. Chagnon*, 119 N.H. 792, 794, 408 A.2d 408 (1979) (citations omitted). "Where the language of a statute is plain and unambiguous, the statute must be given effect according to its plain and obvious meaning." *Id.* (citations omitted).

The plain meaning of the exemptive section of the Consumer Protection Act is that transactions permitted under other laws of New Hampshire or the United States will not be deemed illegal under RSA ch. 358-A. Conversely, if transactions are not permitted under other laws, either expressly or impliedly, then they are subject to regulation under the Consumer Protection Act. The goal of the legislature would seem to encompass avoidance of a direct conflict with a regulatory scheme. Under RSA ch. 358-A:3, I the issue is whether a transaction "is otherwise permitted", and not whether an agency exists to review the transaction.

There is no language in the Unfair Insurance Trade Practices statute, RSA ch. 417, which indicates an intention to permit an insurer to unfairly and deceptively fail to pay a claim. Indeed, RSA ch. 417 enumerates acts which, "if committed without just cause and performed with such frequency as to indicate a general business practice, shall constitute unfair claim settlement practices." RSA ch. 417:4, XV. Included in the enumerated acts are some of the allegations plaintiffs made against the defendant: "not attempting in good faith to effectuate prompt, fair, and equitable settlements or compromises of claims in which liability has become reasonably clear," RSA ch. 417:4, XV(a)(4); and "failing to affirm or deny coverage of claims within a reasonable time after proof of loss forms have been submitted," RSA ch. 417:4, XV(a)(11). Thus it would hardly appear that the conduct of which defendant is accused is permitted under RSA ch. 417, so as to be exempt from the provisions of the Consumer Protection Act pursuant to RSA 358-A:3, I. Rather defendant's alleged conduct is expressly forbidden under RSA ch. 417, although that statute applies only to those "acts by an insurer [that are] ... performed with such frequency as to indicate a general business practice." RSA ch. 417:4.

Furthermore, the Unfair Trade Practices statute contains no statement that the insurance commissioner shall be the sole regulator of the insurance industry. In fact the provisions of RSA ch. 417 "are in all respects cumulative and supplemental to the insurance code and all other applicable New Hampshire statutes and common law." RSA ch. 417:5-a, *see also* RSA ch. 417:14. Moreover, if this court were to interpret the language of RSA ch. 358-A:3, I and the existence of RSA ch. 417 to stand for the proposition that the insurance industry is subject to regulation only under RSA ch. 417, a gap would exist whereby single incidents of conduct forbidden by RSA ch. 417 would go unregulated. A pattern of illegal activity need not be established under RSA ch. 358-A. By enacting a separate provision in the Consumer Protection Act for private actions, RSA ch.

358–A:10, the legislature overtly created an avenue for consumers to redress individual wrongs. The purpose of RSA ch. 417 "is to regulate trade practices in the business of insurance, and not to redress individual wrongs." *Arouchon v. Whaland,* 119 N.H. 923, 925, 409 A.2d 1331 (1979); *citing* RSA ch. 417:1. The Consumer Protection Act, on the other hand, "is a comprehensive statute designed to regulate business practices for consumer protection." *Chase v. Dorais,* 122 N.H. 600, 601, 448 A.2d 390 (1982). Thus, it appears that plaintiffs' claim under the Consumer Protection Act is neither exempted pursuant to RSA ch. 358–A:3, I nor precluded by the existence of a regulatory body under RSA ch. 417.

As mentioned earlier, the New Hampshire Supreme Court has not had occasion to decide whether a cause of action exists under RSA ch. 358–A for an insurer's alleged unfair and deceptive practices in failing to pay an insured's claim. However, the court has acknowledged that in interpreting RSA 358–A, it is appropriate to look to the law of Massachusetts:

> Although this case is one of first impression in New Hampshire, there is a well developed body of law defining trade and commerce in Massachusetts, where the consumer protection statute, Massachusetts General Laws Ann., ch. 93A § 1 (West 1980), contains exactly the same definition of trade and commerce as is contained in RSA ch. 358–A (Supp. 1981).

*Chase v. Dorais,* 122 N.H. 600, 602, 448 A.2d 390 (1982). The Massachusetts Supreme Judicial Court has recognized the precise cause of action sought by the plaintiffs in this case in their third count. In *Dodd v. Commercial Union Insurance Co.,* 373 Mass. 72, 365 N.E.2d 802 (1977), the court held that an insured could assert a claim under Massachusetts' consumer protection statute, Mass.Gen.Laws.Ann. ch. 93A, against an insurer for unfair and deceptive claim settlement practices. *Id.,* 365 N.E.2d at 805–807. Massachusetts, like New Hampshire, has both a consumer protection statute and a statute prohibiting "unfair or deceptive acts and practices in the business of insurance." *See* Mass.Gen. Laws Ann. ch. 93A (West 1980) and Mass. Gen.Laws Ann. ch. 176D (West 1980). The Massachusetts court remarked upon the effect of the two statutes:

> The mere existence of one regulatory statute does not affect the applicability of a broader, nonconflicting statute, particularly when both statutes provide for concurrent coverage of their common subject matter. Therefore, since c. 176D does not preclude application of c. 93A to insurance practices expressly or by implication, we conclude that c. 176D does not bar application of c. 93A to unfair or deceptive insurance acts or practices.

*Dodd* at 805 (citations omitted). The court then construed the Massachusetts consumer protection statute, which is very similar to that of New Hampshire, to apply to unfair and deceptive insurance practices despite co-extensive regulation by the insurance commissioner. *Id.* Significantly, the Massachusetts exemption is, in pertinent part, identical to New Hampshire's. *Compare* Mass.Gen.Laws Ann. ch. 93A, § 3 (West 1980) *with* RSA 358–A:3, I. While *Dodd* involved a class action, the Massachusetts court has determined in later cases that a single act in the handling of an insurance claim constitutes a violation of the consumer protection statute if it is an act that, as part of a pattern of conduct, would be a violation of the insurance unfair trade practices act. *Van Dyke v. St. Paul Fire and Marine Ins. Co.,* 388 Mass. 671, 448 N.E.2d 357, 361 (1983).

Defendant seeks to distinguish *Dodd* from this case. Relying on *Reiter Oldsmobile v. General Motors Corp.,* 378 Mass. 707, 393 N.E.2d 376 (1979), defendant argues that the court's finding in *Dodd,* that a private action under c. 93A was not precluded by a c. 176D, was based on the lack of provision for private actions under c. 176D. In *Reiter* the Massachusetts court held that remedies given to motor vehicle dealers under c. 93B, a statute regulating business practices between motor vehicle manufacturers, distributors, and dealers, are the only remedies available for the violation of that statute. *Reiter,* 393 N.E. 2d at 378. In distinguishing *Dodd* the Mas-

sachusetts court noted that "unlike c. 93B, c. 176D made no provision for private actions and contemplated enforcement by the Commissioner of Insurance." *Id.* However, the court hastened to add:

> But § 8 of c. 176D provided: "No order of the commissioner under this chapter or order of a court to enforce the same shall in any way relieve or absolve any person affected by such order from any liability under any other laws of this commonwealth." Language of similar import does not appear in c. 93B.

*Id.* As the United States District Court for the District of Massachusetts recently stated:

> *Dodd* ... turned on a saving clause in chapter 176D providing that it did not "relieve or absolve any person ... from any liability under any other laws of this commonwealth." *Dodd* also concerned two regulatory statutes, both intended to protect consumers. "The mere existence of one regulatory statute," the *Dodd* court reasoned, "does not affect the applicability of a broader, nonconflicting statute, particularly when both statutes provide for concurrent coverage of their common subject matter." *Id.*, 373 Mass. at 78, 365 N.E.2d 802.

*Animal Legal Defense Fund v. Provimi Veal Corp.*, 626 F.Supp. 278, 281 (Mass. 1986). Similar to the "saving clause" in Mass.Gen.Laws ch. 176D, New Hampshire RSA 417 provides that its provisions "are in all respects cumulative of and supplemental to ... all other applicable New Hampshire statutes and common law." RSA ch. 417:5–a. *See also* RSA ch. 417:14. Thus, this court finds defendant's reliance on *Reiter* to be misplaced.

The defendant's reliance on *Lawton v. Great Southwest Fire Insurance Co.*, 118 N.H. 607, 392 A.2d 576 (1978) is also misplaced. In *Lawton,* the New Hampshire Supreme Court declined to recognize an independent action in tort for an insurer's wrongful refusal to settle a first-party insurance claim. *Lawton* at 615, 392 A.2d 576. However, the court was not placed in a position in *Lawton* to review statutory provisions evidencing a need for greater deterrence than that provided for under laws administered by a regulatory body. The court did not analyze the scope of RSA ch. 358–A or the breadth of the exemption created in RSA ch. 358–A:3, I. The reasoning in *Lawton* concerning recognition of an action in tort does not, therefore, govern whether a right of action exists under the New Hampshire Consumer Protection Act.

This court finds that plaintiffs have stated a cause of action under the New Hampshire Consumer Protection Act, RSA ch. 358–A. A motion to dismiss is one of limited inquiry. The standard for granting a motion to dismiss is not the likelihood of success on the merits, but whether the plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed. 2d 90 (1974). The complaint should not be dismissed unless it appears that appellant could "prove no set of facts in support of his claim which would entitle him to relief". *Jenkins v. McKeithen,* 395 U.S. 411, 422, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969), *reh'g. denied* 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969).

The exemption under RSA ch. 358–A:3, I is inapplicable to the circumstances of this case, under both the plain meaning of the exempting language and the law of Massachusetts. Therefore, this court must determine whether plaintiffs' third count states a claim under RSA ch. 358–A. The provisions of the Consumer Protection Act allow a cause of action if it is supported by the requisite facts. Plaintiffs have alleged *inter alia* that defendant has willfully failed to make a good faith effort to adjust, settle, and pay plaintiffs' lawful claim. The Consumer Protection Act makes it "unlawful for any person to use ... any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA ch. 358–A:2. Defendant is a "person" within the meaning of RSA ch. 358–A:1, I, the company was engaged in "trade" and "commerce" within the meaning of RSA ch. 358–A:1, II, and the alleged acts of defendant are "unfair or deceptive" within the meaning of RSA ch. 358–A:2. *See generally* RSA ch. 417:4, XV. A private action is available for any person injured by acts

declared unlawful under the Consumer Protection Act. RSA ch. 358–A:10.

Accordingly, the court finds that a cause of action does exist for these plaintiffs under New Hampshire RSA ch. 358–A and defendant's motion to dismiss count three of plaintiffs' amended complaint (Doc. # 64) is denied.

October 9, 1986