PIERRE ROUSSEAU

v.

MARIS ESHLEMAN

May 28, 1987

*Hamblett & Kerrigan P.A.*, of Nashua (*John P. Griffith* and *Linda J. Argenti* on the brief, and *Mr. Griffith* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Peter F. Kearns* and *Marc W. McDonald* on the brief, and *Mr. Kearns* orally), for the defendant.

*Fred L. Potter* and *Stephen L. Tober* (*Mr. Potter* and *Mr. Tober* on the brief, and *Mr. Tober* orally), for the New Hampshire Bar Association, as *amicus curiae*.

*Stephen E. Merrill*, attorney general (*Amy L. Ignatius*, senior assistant attorney general, and *Terry L. Robertson*, assistant attorney general, on the brief, and *Mr. Robertson* orally), for the State, as *amicus curiae*.

PER CURIAM. This case is before us on the attorney general's motion to reconsider the opinion in *Rousseau v. Eshleman*, 128 N.H. 564, 519 A.2d 243 (1986). For the reasons that follow, we deny the motion.

In *Rousseau v. Eshleman supra*, the court determined that attorneys in this State are exempt from the application of the consumer protection act, RSA chapter 358-A, and therefore reversed the Trial Court's (*C. Flynn*, J.) ruling on the defendant's motion that the consumer protection act applied to an attorney who had advertised his services to the public. The case was remanded for a new trial based on the trial court's erroneous submission to the jury of questions

concerning the consumer protection act. Brock, J., writing for the majority, with whom King, C.J., and Souter, J., joined, held that attorneys are *per se* exempt from the consumer protection act, pursuant to RSA 358-A:3, I, which exempts "[t]rade or commerce otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of this state or of the United States." The majority exempts attorneys from the purview of the consumer protection act, implicitly interpreting the word "trade," in the phrase "trade or commerce," as referring to an occupation, or the business of one who engages in the activity of trade or commerce. Further, because the members of this occupation act under the supervision of a regulatory body, the professional conduct committee of this court, they are exempt from the act, pursuant to RSA 358-A:3, I.

Johnson, J., with whom Batchelder, J., joined, asserted in dissent that the professional conduct committee is not the type of regulatory board envisioned by the act and, therefore, that attorneys should not be *per se* exempt from the consumer protection act. The dissent recommends that the "commercial" activities of attorneys be subject to the act's proscriptions, while the "noncommercial" activities of attorneys be beyond its purview.

Since the oral argument and decision in this case, the composition of the court has changed with the retirement of King, C.J., and the appointment of Thayer, J. By order of December 19, 1986, we granted the attorney general's motion to intervene as *amicus curiae* on the ground that the attorney general was not given timely notice of this action, in violation of RSA 358-A:10, II, and set down for briefing and argument his motion for reconsideration. The New Hampshire Bar Association also was granted leave to participate as *amicus curiae*. The plaintiff's motion for rehearing was denied in the same order. The plaintiff and defendant were permitted to brief, and argue orally, the issues raised in the attorney general's motion to reconsider.

The principal facts of this case, as more fully set forth in the October 3, 1986, opinion, are that during the fall of 1980, the plaintiff, Pierre Rousseau, was contemplating the purchase of five residential duplexes and sought the advice of the defendant, Maris Eshleman. The defendant recommended investment in commercial real estate in lieu of the residential real estate in which the plaintiff was originally interested. The defendant then informed the plaintiff that the customary fee for attorneys practicing in the area of real estate law would be one percent of the purchase price for the closing of a sale on any property, and one to two percent of the purchase price for assistance in securing financing. The plaintiff agreed and

requested that the defendant gather information concerning potential commercial properties for the plaintiff's consideration.

In December, 1980, the plaintiff, at the defendant's suggestion, decided to purchase a small shopping center in Merrimack. The defendant prepared a letter of intent, and the plaintiff and the seller entered into a purchase and sale agreement. The plaintiff believed, on the defendant's representation, that the mortgage on the property was assumable by the buyer once the property was purchased.

At trial, the defendant testified that at some point before the closing, he discovered that the mortgage was not assumable, and that the note was a demand note due and payable at the option of the bank upon the plaintiff's purchase of the property. The plaintiff did not become aware of these facts until after the April, 1981, closing. In the fall of 1981, the plaintiff realized that he could no longer afford the monthly payments on the property. In February, 1982, the former owner agreed to buy the property back from the plaintiff, who, by this time, had sustained a substantial loss on his investment.

In May, 1982, the plaintiff filed suit against the defendant, alleging three causes of action: legal malpractice, negligent misrepresentation, and unfair and deceptive trade practices in violation of the consumer protection act. The plaintiff sought damages amounting to $200,000 and claimed that the defendant had committed a willful and knowing violation of the consumer protection act; plaintiff therefore asserted a right to treble damages pursuant to RSA 358-A:10.

On rehearing, the attorney general, as *amicus curiae*, asserts that the legal profession should not be *per se* exempt from the application of the consumer protection act because the existence of the professional conduct committee should not, in itself, exempt all transactions of the profession from claims of unfair or deceptive trade practices. The attorney general asserts that paragraph I of RSA 358-A:3 exempts "[t]rade or commerce *otherwise permitted under laws* as administered by any regulatory board or officer . . . ." (Emphasis supplied.) Thus, he argues that attorney conduct which is consistent with the regulatory scheme administered by the conduct committee would not give rise to an action by the attorney general or a private action, even if such conduct seemingly violates RSA 358-A:2. Conduct not consistent with that regulatory scheme, or not expressly permitted by the conduct committee, would give rise to a cause of action under the act.

The defendant contends that the practice of law is *per se* exempt from the consumer protection act because it is a "regulated" profession pursuant to RSA 358-A:3, I. He argues, contrary to assertions

in his original brief, that (1) the practice of law constitutes "trade or commerce" for purposes of the consumer protection act, and (2) the "commercial" versus "noncommercial" distinction is inapplicable to the legal profession. Alternatively, he asserts that, if the practice of law is not exempt from the act pursuant to RSA 358-A:3, this case should not serve as precedent for the act's application.

The plaintiff, in his original brief, asserted that the practice of law constitutes "trade or commerce" and, further, that it should not be *per se* exempt from liability under the act because this court is not a regulatory body acting under statutory authority of the State within the meaning of RSA 358-A:3, I. Alternatively, the plaintiff asserted that the consumer protection act should apply, at a minimum, to attorneys engaged in the "commercial" aspects, as opposed to the "noncommercial" aspects, of the practice of law. On rehearing, the plaintiff contends that the attorney general's interpretation of the exemption provision is unfounded, and asserts that the mere fact that an occupation is licensed cannot mean that it is licensed to use unfair and deceptive practices.

The New Hampshire Bar Association, as *amicus curiae*, argues that the application of the consumer protection act to the practice of law constitutes a violation of the constitutional principle of separation of powers. N.H. CONST. pt. I, art. 37. The Bar Association also contends that the "commercial" versus "noncommercial" distinction is unworkable and subjective, and should therefore not be applied to the practice of law.

■ The consumer protection act "is a comprehensive statute designed to regulate business practices for consumer protection by making it unlawful for persons engaged in trade or commerce to use various methods of unfair competition and deceptive business practices." *Chase v. Dorais*, 122 N.H. 600, 601, 448 A.2d 390, 391 (1982). *See generally*, RSA chapter 358-A (Supp. 1986). The act does not specifically make reference to or exempt the practice of law from its purview. However, the statute does exempt "[t]rade or commerce otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of this state or of the United States." RSA 358-A:3, I. In the October 3, 1986, opinion, a majority of the court determined that attorneys are *per se* exempt from the consumer protection act, because "[t]he professional conduct committee of this court is, in our view, a regulatory board acting under statutory (and constitutional) authority of this State within the meaning of RSA 358-A:3, I." *Rousseau v. Eshleman*, 128 N.H. at 567, 519 A.2d at 245.

 We are not persuaded by the arguments presented that this issue should be reconsidered at this time. The attorney general's motion for reconsideration is, therefore, denied.

*Motion for reconsideration denied.*

THAYER, J., concurred specially.

THAYER, J., concurring specially: This case addresses the issue of whether attorneys come within the scope of the New Hampshire consumer protection act. The consumer protection act does not specifically exempt attorneys; therefore, I must determine whether the phrase "trade or commerce," RSA 358-A:2 (Supp. 1986), encompasses the conduct of attorneys and, if so, to what extent.

The consumer protection act makes it "unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A:2 (Supp. 1986). RSA 358-A:3, I, exempts from the act "[t]rade or commerce otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of this state or the United States." RSA 358-A:1, II defines trade and commerce as activities "includ[ing] the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this state."

For assistance in construing the consumer protection act, we are expressly permitted by the statute to look to "the interpretation and construction given Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), by the Federal Trade Commission and the federal courts." RSA 358-A:13. Moreover, "[l]ower federal courts have construed the [Federal Trade Commission] Act as jurisdictionally in *pari materia* with the Sherman Act." *Heslin v. Connecticut Law Clinic of Trantolo & Trantolo*, 190 Conn. 510, 519, 461 A.2d 938, 942 (1983). Therefore, it is appropriate for us to consult cases decided under the Sherman Act for assistance in interpreting the language of the consumer protection act.

In *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975), the United States Supreme Court addressed the question of whether a restraint of "trade or commerce" violated the Sherman Act when the restraint concerned the price-fixing activities of attorneys. The Court indicated that

"[i]t is no disparagement of the practice of law as a profession to acknowledge that it has [a] business aspect . . . . In the modern world it cannot be denied that the activities of lawyers play an important part in commercial intercourse, and that anticompetitive activities by lawyers may exert a restraint on commerce."

421 U.S. at 788 (footnote omitted).

In light of the Supreme Court's rejection of blanket special treatment for attorneys in the antitrust context, and pursuant to RSA 358-A:1, II, I agree that "the act's prohibition against unfair or deceptive commercial activity applies to the commercial activities of attorneys . . . ." *Rousseau v. Eshleman*, 128 N.H. 564, 575, 519 A.2d 243, 251 (1986) (Johnson, J., dissenting).

The "commercial" aspects of attorneys' activities, which would be subject to the act's proscriptions, may be defined as the way in which "the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." *Short v. Demopolis*, 103 Wash. 2d 52, 61, 691 P.2d 163, 168 (1984). The "noncommercial" activities of attorneys, which would be beyond the reach of the act, are defined as "activities which constitute the 'actual practice of law,' [activities] requiring the professional judgment of an attorney based upon his or her legal knowledge and skill . . . ." *Rousseau v. Eshleman*, *supra* at 574, 519 A.2d at 250 (Johnson, J., dissenting). In addition, the consumer protection act provides consumers with protection from "[representation] that . . . services are of a particular standard, quality, or grade . . . if they are of another" and the "[advertisement of] . . . services with intent not to sell them as advertised." RSA 358-A:2, VII, IX.

Because I agree that the "commercial" aspects of attorneys' activities are subject to the prohibitions of the consumer protection act, the question remains, whether the activities the plaintiff complains of fall within the act's proscriptions. Count III of the plaintiff's complaint states that the defendant made unfair and deceptive representations regarding the soundness of the investment, its income prospects and financing, and the benefits to be reaped by the plaintiff from the investment. The plaintiff alleges that these practices occurred in connection with the purchase and sale of the investment property and in the defendant's performance of offering investment advice to the plaintiff.

Plaintiff's Count III thus consists of claims that the defendant made misrepresentations, or inadequately performed activities which were within the realm of the "noncommercial" aspects of the practice of law. The plaintiff bases his complaint on actions of the

defendant which occurred after he had been engaged as an attorney to perform investment services for the plaintiff. These activities make up the "actual practice of law." They are activities requiring the defendant's professional judgment as an attorney, based upon his legal knowledge and skill. *See Rousseau v. Eshleman*, 128 N.H. at 574, 519 A.2d at 250 (Johnson, J., dissenting).

The plaintiff has failed to allege a violation of the consumer protection act involving unfair or deceptive practices relative to the "commercial" aspects of the practice of law, specifically in this case the way in which the price of legal services was determined or billed, or the way in which the defendant obtained the plaintiff as a client. *See Short v. Demopolis*, 103 Wash. 2d at 61, 691 P.2d at 168. The plaintiff has not alleged that he reasonably relied on the defendant's fraudulent or deceptive advertising, which caused him to engage the defendant's services. Moreover, he has failed to base his claim on the deceptive nature of the fee arrangement, and openly conceded during oral argument that the "fee issue is more motivation[al], and to show the intent of the perpetrator as opposed to a specific violation."

I concur in the denial of the attorney general's motion for reconsideration. However, I would remand this case to the trial court for a new trial based on the plaintiff's failure to allege grounds upon which relief under the consumer protection act may be granted. I need not address the attorney general's interpretation of the provision of the act exempting trade or commerce "otherwise permitted under laws," as neither party argues that the conduct complained of actually was permitted by a regulatory board or officer. The Bar Association's challenge to the constitutionality of the act as applied to attorneys, based on the separation of powers doctrine, is without merit as I do not consider the consumer protection act as violative of this court's power to regulate the practice of law. *See Short v. Demopolis*, 103 Wash. 2d at 62–66, 691 P.2d at 169–70.