**Wanda SANCHEZ–ARROYO,**
**Plaintiff, Appellant,**

v.

**EASTERN AIRLINES, INC.,**
**Defendant, Appellee.**

No. 87–1438.

United States Court of Appeals,
First Circuit.

Submitted Nov. 6, 1987.

Decided Dec. 21, 1987.

Jesus Hernandez Sanchez, Santurce, P.R., and Antonio Hernandez Sanchez, on brief, for plaintiff, appellant.

---

Francisco Ponsa–Flores, Francisco Ponsa–Feliu, Edda Ponsa–Flores and Lawrence E. Duffy, San Juan, P.R., on brief, for defendant, appellee.

Before BOWNES and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

The plaintiff-appellant Sanchez–Arroyo brought this suit in Federal District Court seeking damages for personal injuries allegedly resulting from the defendant's loss of her son's luggage. The district court granted the defendant's motion for summary judgment on the grounds that the court lacked jurisdiction over the subject matter. The plaintiff appeals this decision. We affirm for reasons stated hereinafter.

*I. Background*

The plaintiffs below, Wanda Sanchez Arroyo, Carlos Manuel Medina, and their 13 year old son Carlos Manuel Medina Sanchez, boarded an Eastern Airlines flight en route from California to Puerto Rico. Carlos had physical disabilities that required him to use a specially designed electric wheelchair. This wheelchair was equipped with a separate battery charger.

When the plaintiffs boarded the airplane, they tried to bring the wheelchair and battery charger on as carry-on luggage. The flight attendant, however, told them that these items would have to be stowed in the baggage compartment. The plaintiffs insisted that they be allowed to carry on the battery charger. They explained that loss of the charger would create problems for Carlos, and that the charger would be difficult to replace. The flight attendant said that Eastern would be responsible for any kind of damages, and took the charger and

wheelchair to stow in the baggage compartment.

When the plaintiffs retrieved their luggage in Puerto Rico, they discovered that the battery charger had been lost in transit. The plaintiffs obtained a replacement approximately four months later for $315.38. Shortly thereafter, Eastern made available an identical replacement charger. In the meantime, the plaintiffs claimed, Carlos suffered physical problems as a result of having to operate the wheelchair manually. The plaintiffs also claim that the father had to stay home and care for Carlos, and was unable to look for work.

*II. Analysis*

■ The defendant argues, and the district court agreed, that their liability for loss or damage to luggage was limited by the terms of the carriage contract to $1,250 per passenger.[1] Since the defendants were liable, at most, for $1,250 to each plaintiff, the plaintiffs failed to satisfy the $10,000 amount in controversy required for diversity jurisdiction.

■ The plaintiffs now argue, however, that the flight attendant modified the terms of the contract by stating that Eastern would be responsible for all damages. They do not challenge the defendant's interpretation of the contract or the validity of the liability limitation. The plaintiffs' theory, though, was never presented below. As best we can determine, the plaintiffs argued below that the liability limitation was invalid for various reasons. They did not argue modification of contract, as they now argue.

It is clear that a legal theory not presented to the trial court cannot be raised for the first time on appeal. *Johnson v. Allyn & Bacon, Inc.,* 731 F.2d 64, 73 (1st Cir. 1984). This rule is relaxed only in "horren-

---

* Of the District of Massachusetts, sitting by designation.

1. The contract of carriage, which was incorporated into the ticket, included the following terms: "H. Limits of Liability. 1. Baggage Liability. a. Eastern's liability for the loss of, damage to, or the delay in the delivery of any personal property, baggage or goods (whether checked or otherwise delivered into the custody of Eastern) shall be limited to an amount equal to the value of the property (subject to verification) but, in no event, shall exceed $1,250.00 for each ticketed passenger. This limitation shall also apply to baggage, personal property or goods accepted by Eastern at a city or airport ticket office or elsewhere before, after or during a passenger's trip".

dous cases where a gross miscarriage of justice would occur", and where the new theory is "so compelling as virtually to insure appellant's success." *Id.* (quoting *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979)).

In this case, we are not persuaded that this rule should be relaxed. We do not believe that dismissal of this case would result in a gross miscarriage of justice. The plaintiffs are still free to file suit in a Puerto Rican court. More importantly, the plaintiffs' new theory is far from convincing. The plaintiffs cite one New York case which provides little support for their theory. We therefore see no reason to consider a legal theory that was not presented below.

### III.   Conclusion

Because the court below did not err in granting the defendant's motion for summary judgment, we affirm.

AFFIRMED.