**Neal M. LERER**

v.

**ULTRA SCAN, INC., James A. Frisone, James A. Frisone, Jr., partners in the Double J.F. Partnership.**

**Civ. No. 90–434–S.**

United States District Court, D. New Hampshire.

Dec. 11, 1990.

---

Martha A. Driscoll, Boston, Mass., for plaintiff.

James E. Townsend, Londonderry, N.H., for defendants.

ORDER

STAHL, District Judge.

In this action, plaintiff Neal Lerer pursues reimbursement for a sewer betterment assessment he became obliged to pay when he purchased real estate located in the town of Hudson, New Hampshire, on September 25, 1987. He argues that, under the terms of the Seller's Affidavit and Indemnity Agreement, defendant Ultra Scan, Inc. (the seller) and defendants James Frisone and James Frisone, Jr. (the owners of the property prior to Ultra Scan) owe him the portion of the assessment that can be ascribed to the period before his ownership. Plaintiff has calculated this amount to be $17,047.00.

Plaintiff also seeks relief pursuant to New Hampshire's consumer protection act ("the Act"), New Hampshire Revised Statutes Annotated ("RSA") Chapter 358–A:1 *et seq.*, alleging that defendants both willfully and intentionally misrepresented the existence of the outstanding sewer assessment and willfully failed to remit payment. Since RSA 358–A:10 allows for the recovery of treble damages in consumer protection actions, plaintiff claims that he is entitled to $51,141.00.

Plaintiff contends that this Court has jurisdiction to hear this case under 28 U.S.C. § 1332 since he is a Massachusetts resident, the defendants are New Hampshire residents, and the amount in controversy exceeds $50,000. Defendants dispute that the amount in controversy exceeds $50,000 and have filed a motion to dismiss for lack of subject matter jurisdiction under authority of Fed.R.Civ.P. 12(b)(1).

1. Discussion

It is apparent from the face of the complaint that the amount in controversy in this action only exceeds $50,000 through application of the treble damages provision of RSA 358–A:10. It is the defendants' contention that plaintiff's claims under the Act must fail and that the instant action therefore must be dismissed for failure to meet the requisite jurisdictional amount. The Court agrees.

### a. Willful and Intentional Misrepresentation

Plaintiff claims that defendants' failure to disclose the existence of the sewer betterment assessment at the time of the sale is actionable under RSA 358–A. However, RSA 358–A:3 exempts certain transactions from the liability imposed by the Act. Of relevance here is exemption IV–a:

> The following transactions shall be exempt from the provisions of this chapter: IV–a: Transactions entered into more than 2 years prior to the complaint; provided, however, that this section shall not ban the introduction of evidence of unfair trade practices and deceptive acts prior to the 2 year period in any action under this chapter[.]

As noted above, the sale in controversy was consummated on September 25, 1987. Plaintiff's complaint was filed on September 25, 1990, three years to the day after the transaction in question. Thus, plaintiff's claim of willful and intentional misrepresentation under the consumer protection act is precluded by the statute of limitations.

### b. Failure to Remit

■ Plaintiff also argues that defendants' repeated refusals to settle this dispute and to remit payment constitute actionable "transactions" under RSA 358–A. As support for this proposition, plaintiff cites *WVG v. Pacific Ins. Co.*, 707 F.Supp. 70 (D.N.H.1986). That case is inapposite. In *WVG*, the court held that insurance companies, although subject to regulation under New Hampshire law, may be found liable for violations of the Act.[1] Although *WVG* recognizes that *insurers* may be held liable under the Act for unfairly refusing to settle a claim, the Court finds nothing in that case to suggest that any party's refusal to remit payment in settlement of a contract dispute implicates the Act.

The Court therefore declines to extend this authority as plaintiff urges. The First Circuit repeatedly has warned that "liti-gants who reject a state forum in order to bring suit in federal court cannot expect that new trails will be blazed." *Ryan v. Royal Ins. Co. of America*, 916 F.2d 731, 744 (1st Cir.1990) (citations omitted). Mindful of this admonition, the Court finds that defendants' refusals to meet plaintiff's payment demands do not provide a cause of action under RSA 358–A.

### 2. Conclusion

■ For the Court to exercise its diversity jurisdiction in this action, the amount in controversy must exceed $50,-000.00. When the jurisdictional amount is not satisfied, the Court must dismiss the action for lack of subject matter jurisdiction. *See, e.g., Sanchez–Arroyo v. Eastern Airlines Inc.*, 835 F.2d 407 (1st Cir. 1987). Since plaintiff's action under the New Hampshire consumer protection act is time-barred, treble damages are not available and the amount in controversy is $17,-047.00. It appears then to a legal certainty that plaintiff cannot recover, at minimum, the $50,000.01 necessary to confer jurisdiction upon this Court. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) (where "from the face of the pleadings it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed ... the suit will be dismissed"); *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir.1987); *Kennard v. Harris Corporation*, 728 F.Supp. 453, 454 (E.D.Mich.1989).

Accordingly, defendants' motion to dismiss (document no. 6) is granted.

SO ORDERED.

---

1. RSA 358–A:3 I specifically exempts:

   Trade or commerce otherwise permitted under laws administered by any regulatory board or officer acting under statutory authority of this state or of the United States.