Carroll
No. 97-144

SUSAN HUGHES

v.

GIACOMO DISALVO

May 25, 1999

*Ruth P. Gulick, P.A.*, of New Hampton (*Ruth P. Gulick* on the brief and orally), for the plaintiff.

*Scott A. Trendell*, of Plymouth, by brief and orally, for the defendant.

JOHNSON, J. The plaintiff, Susan Hughes, appeals a decision of the Superior Court (*Fauver*, J.) denying her motion for judgment notwithstanding the verdict, *see* SUPER. CT. R. 73, after the jury found that she violated the Consumer Protection Act, *see* RSA ch. 358-A (1995 & Supp. 1998), and awarded damages to the defendant, Giacomo DiSalvo. We reverse.

The following facts appear in the parties' agreed statement of facts. The plaintiff acquired and began occupying property in New Hampton as her primary residence in February 1987. She unsuccessfully attempted to sell the property in the late 1980s. The plaintiff relocated in July 1991 and began renting the property in September 1991. Between September 1991 and June 1994, three different sets of tenants rented the property.

The plaintiff placed classified advertisements in newspapers to rent the property. From August 1994 to June 1995, the plaintiff rented the property to the defendant under a "Lease and Sales Agreement." During the defendant's tenancy, the plaintiff was

employed as a school teacher in Moultonborough. The lease and sales agreement was not handled by a real estate broker but was drafted by either the plaintiff or her husband.

The property was rented to different tenants under a similar lease and sales agreement from August 1995 to January 1996. Between February 1996 and January 28, 1998, when the parties agreed to these facts, two additional sets of tenants rented the property.

The parties also agreed that the plaintiff's husband and three other persons bought a four-unit investment property and established a real estate trust "[d]uring 1983-1984." In 1984, the trust property was disposed of and the trust was terminated.

The plaintiff filed an action in district court for non-payment of rent. The defendant requested a jury trial and filed counterclaims alleging, *inter alia*, violation of the Consumer Protection Act, *see* RSA ch. 358-A, and the Unfair Collection Practices Act, *see* RSA ch. 358-C (1995 & Supp. 1998). A jury trial was held in superior court. The jury found, *inter alia*, that the plaintiff had engaged in unlawful trade or deceptive business practices, and awarded the defendant $100.00 in damages under the Consumer Protection Act. The jury further found that the plaintiff used unfair, deceptive, or unreasonable collection practices and awarded the defendant $600.00 under the Unfair Collection Practices Act.

The plaintiff moved for judgment notwithstanding the verdict arguing that RSA chapters 358-A and 358-C were inapplicable. The court agreed that RSA chapter 358-C did not apply because "one who acts in the ordinary course of business does so as part of regular business dealings, and not as an isolated act, such as in this case." The court held, however, that the Consumer Protection Act "clearly extends to lessors of real property . . . and thus to the landlord-tenant relationship . . . [because] tenants are among those for whose benefit the Consumer Protection Act was passed." The plaintiff appeals this decision.

The applicability of the Consumer Protection Act involves a matter of statutory construction, and we begin our analysis by considering the plain meaning of the words of the statute. *Gilmore v. Bradgate Assoc.*, 135 N.H. 234, 237, 604 A.2d 555, 556 (1992).

RSA 358-A:2 declares it "unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice *in the conduct of any trade or commerce in this state*." (Emphasis added.) The Consumer Protection Act further defines trade and commerce:

> "Trade" and "commerce" shall include the advertising, offering for sale, sale, or distribution of any services and

any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this state.

RSA 358-A:1, II (1995).

In *Chase v. Dorais*, 122 N.H. 600, 601, 448 A.2d 390, 391 (1982), we noted that the statute applies to "persons engaged in trade or commerce." Although the Consumer Protection Act "is a comprehensive statute whose language indicates that it should be given broad sweep . . . it is not unlimited in scope." *Roberts v. General Motors Corp.*, 138 N.H. 532, 538, 643 A.2d 956, 960 (1994). We previously rejected the contention that all transactions should be included within the scope of the Act in *Chase*, noting that "[s]uch a reading would remove even isolated, non-business sales or contracts from the realm of contract and sales law and subject them to [the Consumer Protection Act]." *Chase*, 122 N.H. at 601-02, 448 A.2d at 391.

■ To determine whether the Consumer Protection Act applies to a particular transaction, we analyze the activity involved, the nature of the transaction, and the parties to determine whether a transaction is a personal or business transaction. *See Begelfer v. Najarian*, 409 N.E.2d 167, 176 (Mass. 1980).

The plaintiff rented and attempted to sell her former residence through a lease and sales arrangement. The plaintiff agreed to provide the defendant, if necessary, with a purchase money mortgage in an amount between $5,000.00 and $7,500.00 at a rate of prime plus two per cent for a five-year period. The defendant would obtain financing for the outstanding balance. Other than this property, the plaintiff was not in the business of renting or selling residential property.

■ Remedies under the Consumer Protection Act are "not available where the transaction is strictly private in nature, and is in no way undertaken in the ordinary course of a trade or business." *Lantner v. Carson*, 373 N.E.2d 973, 975 (Mass. 1978). We do not find the plaintiff's involvement in this transaction, by itself, sufficient to constitute "trade or commerce" within the meaning of RSA 358-A:2.

Similarly, isolated sales of property by an owner are not subject to the Consumer Protection Act. The purpose of the Act "is to ensure an equitable relationship between consumers and persons engaged in business." *McGrath v. Mishira*, 434 N.E.2d 1215, 1222 (Mass. 1982). The plaintiff was not a real estate professional engaged in the

business of renting or selling properties. *Cf. Gilmore*, 135 N.H. at 236, 604 A.2d at 555; *Nei v. Burley*, 446 N.E.2d 674, 680 (Mass. 1983).

> An individual homeowner who decides to sell his residence stands in no better bargaining position than the individual consumer. Both parties have rights and liabilities established under common law principles of contract, tort, and property law. Thus, arming the "consumer" in this circumstance does not serve to equalize the positions of buyer and seller. Rather, it serves to give superior rights to only one of the parties, even though as nonprofessionals both stand on equal footing.

*Lantner*, 373 N.E.2d at 977.

If we were to adopt the defendant's view that the Consumer Protection Act applied to this transaction, any isolated lease or sale of property would be a commercial transaction subject to the Act, and every buyer would be at an advantage over the seller. *Cf. Chase*, 122 N.H. at 601-02, 448 A.2d at 391-92. We decline to hold homeowners, such as the plaintiff, who personally sell their homes either directly or through lease and sales arrangements, liable under the Consumer Protection Act.

*Reversed.*

BRODERICK, J., did not sit; the others concurred.