Public Employee Labor Relations Board
No. 80-372

### APPEAL OF TOWN OF CONWAY

(New Hampshire Public Employee Labor Relations Board)

May 7, 1981

*Hastings & Son P.A.*, of Fryeburg, Maine (*Peter G. Hastings* on the brief and orally), for the Town of Conway.

*Sheehan, Phinney, Bass & Green*, of Manchester (*Bradford E. Cook* on the brief and orally), for the Public Employee Labor Relations Board.

MEMORANDUM

This is an appeal by the Town of Conway from the July 31, 1980 order of the New Hampshire Public Employee Labor Relations Board certifying certain members of the Conway Police Department as a bargaining unit under RSA 273-A:8 I. The board excluded from the unit five part-time patrolmen, the chief, a lieutenant, and a detective sergeant. It included in the unit three sergeants and ten patrolmen, five of whom were probationary employees. The town argues that the probationary employees should not have been included within the unit. We agree.

RSA 273-A:8 I requires the board to certify a bargaining unit with at least ten employees. For purposes of this section, the board has interpreted "employees" to mean positions, and it will certify a unit if there are ten positions within an organization even if, as in this case, some of those positions are held by probationary employees. That interpretation, however, is contrary to the plain language of the statute. RSA 273-A:1 IX(d) expressly excludes "[p]ersons in a probationary or temporary status" from the definition of "public employee." That definition applies to the word "employee" as it is used in RSA 273-A:8 I. "[W]ords used with plain meaning in one part of . . . [a statute] are to be given the same meaning in other parts of . . . [the statute], unless a contrary intention is clearly shown." *Dupont v. Chagnon*, 119 N.H. 792, 794, 408 A.2d 408, 409 (1979) (quoting *Appalachian Mountain Club v. Meredith*, 103 N.H. 5, 16, 163 A.2d 808, 815–16 (1960)).

Because the statute specifically excludes probationary employees from the definition of "public employee," the board erred in including probationary employees in the bargaining unit for the purpose of determining whether the requisite number of employees existed. *Cf. In re Nashua Ass'n of School Principals*, 119 N.H. 90, 92, 398 A.2d 832, 833–34 (1979); *Keene State College Educ. Ass'n v. State*, 119 N.H. 1, 3, 396 A.2d 1099, 1101 (1979). Without those five probationary employees, the police department has an insufficient number of employees to be certified as a bargaining unit under RSA 273-A:8 I.

*Reversed.*