Compensation Appeals Board
No. 97-290

### APPEAL OF PAUL KRUZEL

### (New Hampshire Compensation Appeals Board)

June 29, 1999

*Perkins, Phillips & Puckhaber*, P.A., of Concord (*Robert J. Puckhaber* on the brief and orally), for the petitioner.

*Sulloway & Hollis*, P.L.L.C., of Concord (*James E. Owers* and *David L. Harrigan* on the brief, and *Mr. Owers* orally), for the respondent.

BROCK, C.J. The petitioner, Paul Kruzel, appeals a decision of the New Hampshire Compensation Appeals Board (board) denying him workers' compensation total disability benefits. We reverse and remand.

The petitioner, a dentist, started a private practice in general dentistry in Manchester. While developing his dental practice, the petitioner was also building a home in Canterbury. In June 1987, while working on his house, the petitioner severed his thumb from his left hand. The thumb was surgically reattached. Although the procedure was successful, the petitioner lost the ability to bend his left thumb.

Following a recovery period of approximately six to eight weeks, the petitioner returned to his dental practice. Being right hand dominant, he was able to adapt his dental techniques around his left thumb, using it as a static post against which to rest dental instruments.

In September 1989, he purchased a practice in Concord which specialized in crown and bridge work. Crown and bridge work is more exacting work than general dentistry, with long, tedious, and repetitive procedures. The practice flourished, doubling its gross income in the first year. Late in 1992, however, the petitioner began to experience symptoms consistent with carpal tunnel syndrome. Dr. Ekstrom, the surgeon who had reattached the petitioner's thumb, concluded that he was suffering from bilateral carpal tunnel syndrome. On December 18, 1992, Dr. Ekstrom performed carpal tunnel release surgery on the petitioner's left hand.

The petitioner returned to his practice within two weeks. He experienced immediate relief in his left hand following surgery. His right hand, however, continued to worsen. By the end of 1993, the pain had returned to the petitioner's left hand. Despite altering his work schedule in 1994 to allow for breaks, the pain in both hands persisted. In August 1995, he ceased practicing dentistry.

The petitioner applied for workers' compensation benefits in October 1995. His insurer, respondent CNA Insurance, denied the claim. A department of labor hearing officer found that the petitioner was entitled to temporary total disability benefits. The

respondent appealed to the board. Following a hearing, the board concluded that

> the claimant was injured in the course of his employment as a dentist, [and] that the injury arose out of and was suffered in the course of his employment. This injury is compensable to some extent pursuant to the provisions of N.H. RSA 281-A. It is a fact that the claimant is totally disabled from the high volume, high intensity restorative dental practice to which he aspired and ultimately achieved through his extraordinary personal commitment and effort. However, it is not a fact that the claimant is totally disabled from gainful employment. Indeed a preponderance of the evidence does not establish that the claimant is disabled from practicing dentistry. There is no adequate evidence upon which the [board] can make a determination as to the extent of the claimant's disability within the meaning of RSA 281-[A:48].

The respondent filed a motion for rehearing, *see* RSA 541:3 (1997), arguing that because the board determined that: (1) the petitioner had failed to establish that he was totally disabled from practicing dentistry; and (2) there was no adequate evidence to determine the extent of the petitioner's disability, he was not entitled to workers' compensation benefits. The petitioner also filed a motion for rehearing, requesting the board to reconsider its decision that he is not totally disabled from the practice of dentistry. In its subsequent order, the board found that

> the claimant is not totally disabled from gainful employment within the meaning of RSA 281-A:28 and RSA 281-A:2[,] X-a [and, that this finding] is supported by evidence in the record as a whole and is not impeached by the fact that the physical harm suffered by the claimant prevents him from practicing high volume, high intensity restorative dentistry. The fact is that the claimant did not adduce evidence that he was totally disabled from gainful employment. Furthermore, it is the judgment of the [board] that in the light of the totality of the evidence, the evidence marshaled by claimant's counsel in his [motion for rehearing], does not establish by a preponderance of the evidence that the claimant is totally disabled from functioning as a dentist.

The petitioner did not file a motion for rehearing following this second order.

We first address the procedural posture of this appeal. The respondent argues that it should be dismissed because the petitioner failed to move for rehearing of the board's second order. *See* RSA 541:4 (1997); *Appeal of White Mts. Educ. Ass'n*, 125 N.H. 771, 774-75, 486 A.2d 283, 286 (1984). "When a decision on any issue is reversed on rehearing, the newly losing party must apply for a further rehearing and satisfy the requirements of RSA 541:4 before appealing to this court." *Appeal of White Mts. Educ. Ass'n*, 125 N.H. at 775, 486 A.2d at 286.

■ The board's initial decision found that the petitioner was not totally disabled from practicing dentistry. The petitioner moved for rehearing, arguing that the uncontroverted medical evidence proved that he was totally disabled from the practice of dentistry. The board's subsequent order affirmed its finding that the petitioner was not totally disabled from practicing dentistry. Thus, the board's decision on this issue was not reversed; nor was the petitioner a newly losing party. Furthermore, by filing a motion for rehearing of the board's first order, the petitioner gave the board an opportunity to correct its alleged mistakes on this issue prior to this appeal. *See Appeal of SAU #16 Coop. Sch. Bd.*, 143 N.H. 97, 100, 719 A.2d 613, 616 (1998). Accordingly, we conclude that this issue is preserved.

■ We decline to consider the petitioner's other arguments, however, because he failed to preserve them in a motion for rehearing. *See* RSA 541:4. RSA 541:4 requires that a motion for rehearing "set forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable." *Id.* The petitioner's motion for rehearing only addressed whether the board erred by ignoring the uncontroverted medical evidence. We limit our review accordingly.

■ "We will not overturn the board's decision, except for errors of law, unless the petitioner has shown it to be clearly unreasonable or unjust." *Appeal of Lalime*, 141 N.H. 534, 537, 687 A.2d 994, 997 (1996); *see* RSA 541:13 (1997). We consider the board's findings of fact to be *prima facie* lawful and reasonable. RSA 541:13. "To obtain workers' compensation benefits, a claimant has the initial burden to establish a *prima facie* case. Once the claimant has met this burden, the burden of production shifts to the respondent to rebut the claims made." *Appeal of Cote*, 139 N.H. 575, 578, 660 A.2d 1090, 1093 (1995) (citation omitted). "The burden of persuasion, however,

remains with the claimant." *Appeal of Newcomb*, 141 N.H. 664, 667, 690 A.2d 562, 564 (1997) (quotation, brackets, and ellipsis omitted).

The petitioner argues that the overwhelming weight of the medical evidence presented to the board established, by a preponderance, that he is totally disabled from practicing general dentistry. He argues that the board substituted its own lay opinion for this uncontroverted medical evidence. The petitioner relies on three insurance disability forms in which three treating physicians opined that he was totally disabled. On two of the forms the physicians stated that the petitioner is incapable of performing "all duties that are consistent with being a dentist." The remaining form stated that the petitioner is incapable of performing the "manual work of dentistry."

We conclude that the petitioner met his burden of establishing a *prima facie* case. Consequently, the burden of production shifted to the respondent to rebut the evidence that the petitioner was totally disabled from practicing dentistry. Although the respondent presented medical evidence disputing whether the petitioner was injured in the course of employment, it presented no medical evidence to refute that the petitioner was totally disabled from practicing dentistry. We conclude that the board, applying the proper standard, could not reasonably find that the petitioner has not met his burden of persuasion to prove it is more likely than not that he was totally disabled from dentistry.

■■■ Of course, "[t]he board is entitled to ignore [uncontroverted] medical [evidence], but must identify the competing evidence or the considerations supporting its decision to do so." *Appeal of Demeritt*, 142 N.H. 807, 810, 713 A.2d 378, 380 (1998) (quotation and brackets omitted). Without identifying its reasons for doing so, the board erred when it ignored the uncontroverted physicians' statements that the petitioner was totally disabled from dentistry.

Accordingly, we reverse the board's finding that the petitioner was not totally disabled from practicing dentistry. Whether the board found that the petitioner failed to establish an inability to secure gainful employment, *see* RSA 281-A:2, X-a (Supp. 1998), is unclear on the record before us. Accordingly, we remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

All concurred.