Public Employee Labor Relations Board
No. 2010-764

APPEAL OF TOWN OF DEERFIELD
(New Hampshire Public Employee Labor Relations Board)

Argued: September 21, 2011
Opinion Issued: October 27, 2011

*Nolan Perroni Harrington, LLP*, of Lowell, Massachusetts (*Kevin E. Buck* on the brief and orally), for the petitioner.

*Upton & Hatfield, LLP*, of North Conway (*Robert Upton II* on the brief and orally), for the respondent.

DALIANIS, C.J. The respondent, the Town of Deerfield (Town), appeals a decision of the New Hampshire Public Employee Labor Relations Board (PELRB) certifying the petitioner, the New England Police Benevolent Association, as the exclusive bargaining representative for a bargaining unit consisting of certain employees in the Town's police department. We reverse.

The following facts are taken from the record. On March 24, 2010, the petitioner petitioned for certification, seeking to represent certain employees of the Town's police department. The proposed bargaining unit consisted of ten employees: six full-time patrol officers, two part-time patrol officers, a corporal, and the department's secretary. The Town

objected to the petition, asserting that the proposed bargaining unit did not include the statutory minimum of ten employees because three of its proposed members (one of the part-time patrol officers, the corporal and the secretary) were not proper members of the bargaining unit. *See* RSA 273-A:8, I (2010).

On July 27, 2010, a hearing officer granted the petition for certification, recognizing the proposed bargaining unit and certifying its composition. The Town sought review of the hearing officer's decision on August 13, 2010. The PELRB denied the Town's motion and upheld the hearing officer's decision. Thereafter, the Town unsuccessfully moved for rehearing. On October 22, 2010, the PELRB certified the petitioner as the representative of the bargaining unit consisting of six full-time patrol officers, two part-time patrol officers, the corporal and the department's secretary. This appeal followed.

We adhere to the standard of review set forth in RSA 541:13 (2007). *Appeal of Univ. System of N.H. Bd. of Trustees*, 147 N.H. 626, 629 (2002). To succeed on appeal, the appealing party must show that the PELRB's decision is unlawful, or clearly unjust or unreasonable. *Id.* The PELRB's findings of fact are presumptively lawful and reasonable, and will not be disturbed if they are supported by the record. *Id.*; RSA 541:13. "However, we act as the final arbiter of the meaning of the statute, and will set aside erroneous rulings of law." *Appeal of Univ. System of N.H. Bd. of Trustees*, 147 N.H. at 629; *see Appeal of State Employees' Assoc. of N.H.*, 156 N.H. 507, 510 (2007) (explaining that we no longer accord deference to PELRB's statutory interpretation). Moreover, "[t]he ultimate issue of statutory eligibility to be a member of a bargaining unit . . . is an issue of law which is not subject to deferential review." *Appeal of Town of Litchfield*, 147 N.H. 415, 416 (2002).

Except under circumstances that do not apply here, RSA 273-A:8, I, requires a bargaining unit to have at least ten employees before the board may certify it. *Appeal of Town of Conway*, 121 N.H. 372, 373 (1981), *superseded on other grounds by* Laws 1983, 270:2. Certain employees are not counted towards the ten-employee minimum because they are excluded from the statutory definition of "[p]ublic employee." *See* RSA 273-A:1, IX (2010); *see also Appeal of Town of Conway*, 121 N.H. at 373. Among those excluded from the statutory definition of "[p]ublic employee" are "[p]ersons . . . [who are] employed seasonally, irregularly or on call." RSA 273-A:1, IX(d). In addition, "[p]ersons exercising supervisory authority involving the significant exercise of discretion may not belong to the same bargaining unit as the employees they supervise." RSA 273-A:8, II; *see Appeal of East Derry Fire Precinct*, 137 N.H. 607 (1993).

The Town argues that the bargaining unit certified in this case contained fewer than ten employees because one of the part-time patrol officers was an on-call employee and because the corporal was a supervisor within the meaning of RSA 273-A:8, II. Since the bargaining unit certified contained fewer than the requisite ten employees, the Town contends that the PELRB acted unlawfully by certifying it.

For the purposes of this appeal, we will assume, without deciding, that it was not error to include the corporal in the bargaining unit. Therefore, we confine our analysis to whether the PELRB erred by including the on-call, part-time patrol officer in its count of bargaining unit employees.

The hearing officer found that the part-time officer in question worked a regular schedule until May 1, 2010, when he became "on-call," and no longer had a regular shift. The hearing officer concluded that because the officer worked a regular shift when the petition was filed and when the PELRB examined the authorization cards pursuant to RSA 273-A:10, IX (2010), he was properly included in the bargaining unit. As the hearing officer explained, "The 'snapshot' of the numerical sufficiency of the proposed bargaining unit is taken at the time the PELRB examines the authorization cards." The hearing officer rejected the Town's assertion that the ten-employee rule must be met when the certification order is issued.

Resolving this issue requires that we engage in statutory interpretation. We are the final arbiters of legislative intent as expressed in the words of a statute considered as a whole. *Appeal of State Employees' Assoc. of N.H.*, 158 N.H. 258, 260 (2009). We begin by examining the statutory language itself, where possible ascribing the plain and ordinary meanings to the words used. *Id.* We do not look beyond the language of a statute to determine legislative intent if the language is clear and unambiguous. *Id.* Moreover, we interpret statutes in the context of the overall statutory scheme and not in isolation. *Id.*

■ RSA 273-A:8, I, provides, in pertinent part: "The board or its designee shall determine the appropriate bargaining unit and shall certify the exclusive representative thereof when petitioned to do so under RSA 273-A:10. . . . *[I]n no case shall the board certify a bargaining unit of fewer than 10 employees* . . . without the prior approval of the governing body of the public employer." (Emphasis added.) The plain meaning of this statutory provision is that the bargaining unit that the PELRB *certifies* must contain at least ten employees absent the public employer's prior approval. If the proposed bargaining unit contains fewer than ten employees, the PELRB may *not* certify it. *See Appeal of Town of Conway*, 121 N.H. at 373.

■ Here, the patrol officer in question worked on-call and had no regular shift by the time of the hearing before the hearing officer. The PELRB, therefore, erred when it certified the bargaining unit and included this on-call employee for the purpose of determining whether the requisite number of employees existed. *Id.*; *see Appeal of Town of Litchfield,* 147 N.H. at 416-18; *Appeal of Town of Stratham,* 144 N.H. 429, 430-31 (1999).

■ We disagree with the petitioner's contention that the PELRB could lawfully decide that as long as there are ten employees in a proposed bargaining unit when a petition to recognize the unit is filed and the PELRB examines the authorization cards, the ten-employee rule is satisfied. While we recognize that the PELRB may adopt rules and practices that "fill in the details to effectuate the purpose of the statute," these rules and practices "may not add to, detract from, or modify the statute which they are intended to implement." *Appeal of Wilson,* 161 N.H. 659, 662 (2011) (quotations omitted). Nor may they "contradict the terms of a governing statute." *Id.* Here, the governing statute plainly states that the PELRB may *not* certify a bargaining unit that contains fewer than ten employees. The PELRB may not modify this requirement.

*Reversed.*

DUGGAN, HICKS, CONBOY and LYNN, JJ., concurred.