# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0062, <u>Appeal of Joni O'Brien</u>, the court on December 1, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Joni O'Brien, appeals the decision of the Board of Mental Health Practice (board) denying her application for licensure as a marriage and family therapist. She argues that the board erred in: (1) finding that she did not satisfy the supervised experience requirements of RSA 330-A:21, III (2011), and the associated administrative rule; (2) concluding that the setting in which she obtained her clinical experience did not provide sufficient oversight; and (3) denying her request for a waiver of the requirements of the administrative rule. She also argues that the board should be estopped from denying her application because she relied upon the representations of a former board member that her planned course of action complied with the requirements for licensure.

RSA chapter 541 governs our review of the board's decisions. <u>Appeal of Kelly</u>, 158 N.H. 484, 490 (2009); RSA 330-A:29, VII (2011). Under RSA 541:13 (2007), we will not set aside the board's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. The board's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable. RSA 541:13. In reviewing the board's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record. <u>Appeal of Laconia Patrolman Assoc.</u>, 164 N.H. 552, 555 (2013). We review the board's rulings on issues of law <u>de</u> <u>novo</u>. <u>Appeal of N.H. Retirement System</u>, 167 N.H. 685, 690 (2015).

We first address the State's argument that this appeal should be dismissed because the petitioner failed to move for a rehearing of the board's January 4, 2016 final licensure decision. RSA 541:41 precludes any appeal to this court from an administrative agency or board by a party who has not applied for a rehearing before the agency or board. <u>Appeal of White Mts. Educ. Ass'n</u>, 125 N.H. 771, 774 (1984). The petitioner argues that she satisfied this requirement because she requested a hearing following the board's May 27, 2015 order denying her license application, and she was not required to request a rehearing after the board's January 4, 2016 decision denying her application for essentially

the same reasons. See Appeal of Walsh, 156 N.H. 347, 351 (2007) (The purpose of the rehearing requirement is to provide the board an opportunity to correct any error.); Appeal of Kruzel, 143 N.H. 681, 684 (1999) ("[B]y filing a motion for rehearing of the board's first order, the petitioner gave the board an opportunity to correct its alleged mistakes . . . prior to this appeal."). Moreover, as the petitioner notes, the board's January 4, 2016 decision specifically notified her that she had "thirty (30) days to appeal the decision by petition to the New Hampshire Supreme Court pursuant to RSA 541:6 and RSA 330-A:29, VII," suggesting that a further request for rehearing was not necessary to perfect her appeal. Under these circumstances, we will assume, without deciding, that the appeal is properly filed. See Kruzel, 143 N.H. at 684.

The petitioner first argues that the board erred in finding that she did not satisfy the supervised experience requirements of RSA 330-A:21, III and N.H. Admin. Rules, Mhp 302.22. She argues that she met the requirements with 100 hours of face-to-face supervision, 500 hours of client contact, and 2,500 hours of supervised clinical experience in marriage and family therapy. However, the record shows that the petitioner was engaged in the private practice of alcohol and drug counseling during the hours that she claims satisfy the hourly requirement for supervised marriage and family counseling, and that she billed those hours as a Master Licensed Alcohol and Drug Counselor.

The petitioner also argues that the board erred in concluding that the setting in which she obtained her supervised clinical experience did not provide sufficient oversight. Mhp 302.22(i) provides that "[i]ndependent private practice shall not be considered supervised professional experience." The record shows that the petitioner was engaged in independent private practice as a licensed alcohol and drug counselor during the hours that she claims satisfy the hourly requirement for supervised marriage and family counseling. Therefore, the record supports the board's finding that the petitioner failed to obtain the required hours of supervised clinical experience in marriage and family therapy. See Appeal of Laconia Patrolman Assoc., 164 N.H. at 555.

The petitioner next argues that the board unreasonably denied her request for a waiver of the supervised experience requirement, given her significant experience as a licensed alcohol and drug counselor and the setting of her practice, which allowed her to consult and collaborate with other therapists in her building on a regular basis. The board may waive its rules under certain circumstances. See N.H. Admin. Rules, Mhp 213.01. Under this rule, "good cause" for a waiver exists when the petitioner has demonstrated that such a waiver is "consistent with the statutes and rules of the board" and "is necessary due to factors outside the control of the petitioner." See id., Mhp 213.01(f)(2), (4). Based upon this record, we cannot conclude that the board acted unreasonably in finding that the petitioner's consultation and collaboration with other therapists, who practiced in the same building where she practiced, but with

2

whom she was not formally associated, was insufficient to warrant a waiver of the supervised experience requirement.

Finally, the petitioner argues that the board should be estopped from denying her application because she relied upon the representations of a former board member that her planned course of action complied with the requirements for licensure. The State argues that the petitioner waived this issue by omitting it from her notice of appeal. Progressive N. Ins. Co. v. Argonaut Ins. Co., 161 N.H. 778, 784 (2011) (issues not raised in notice of appeal are waived). The petitioner counters that she included the issue by reference, in the notice of appeal, to an affidavit that raised the issue. See Sup. Ct. R. 16(3)(b) ("The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein."). Assuming, without deciding, that the issue is not waived, we cannot conclude that it was reasonable for the petitioner to rely upon her telephone conversation with the former board member to believe that her planned course of action complied with the licensure requirements. See Thomas v. Town of Hooksett, 153 N.H. 717, 722 (2006) (noting that reliance must be reasonable). According to the petitioner's own recollection of the conversation, she informed the board member that she would be "working on a part time basis due to [her] current position" and that she would be "working part time" with a licensed clinical social worker. At the October 16, 2015 show cause hearing, the petitioner admitted that she did not specifically inform the board member that she would be counting the hours that she engaged in alcohol and drug counseling toward her requirements for supervised marriage and family counseling. Accordingly, we conclude that the petitioner has not satisfied the requirements for estoppel. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**