Hillsborough-southern judicial district
No. 99-383

## THE STATE OF NEW HAMPSHIRE

### v.

## ROGER DUQUETTE

November 8, 2000

*Philip T. McLaughlin*, attorney general (*Janice K. Rundles*, senior assistant attorney general, on the brief), for the State.

*Craighead and Martin*, of Manchester (*Rodkey Craighead, Jr.*, on the brief), for the defendant.

NADEAU, J. The defendant, Roger Duquette, appeals the Superior Court's (*Dalianis*, J.) denial of his request for pretrial confinement credit for time spent released on bail under conditions requiring home confinement and electronic monitoring. We affirm.

The defendant was indicted on several counts of theft by deception and securities fraud. On February 26, 1998, the defendant posted bail. He was released to his home, and placed on electronic monitoring, with the requirement that he remain in his residence at all times. On August 18, 1998, the superior court modified the bail conditions, permitting the defendant to leave his home on weekdays between the hours of 7:30 a.m. and 6:00 p.m. Notably, the defendant failed to provide any court-ordered documentation of his employment search, and on March 12, 1999, the court returned the defendant to twenty-four hour confinement. The defendant was also permitted to spend Christmas Day, 1998, with his family away from the residence.

The defendant pled guilty to sixteen counts of securities fraud and seventeen counts of theft by deception. On May 26, 1999, the superior court sentenced the defendant to two consecutive terms at the New Hampshire State Prison. Defendant's sentence also included a restitution order and conditioned any future investment-type work or self-employment on the department of corrections' approval.

The defendant sought credit against his sentence for the period when he was confined to his home on a twenty-four hour basis (approximately 260 days) and the period when defendant was permitted to leave the residence to seek employment (approximately 206 days). The superior court denied credit.

The sole issue on appeal is whether the defendant is entitled to additional pre-sentencing credit pursuant to RSA 651:3, I (1996) and RSA 651-A:23 (1996).

RSA 651:3, I, provides that "[a]ll the time actually spent in custody prior to the time [the defendant] is sentenced shall be credited in the manner set forth in RSA 651-A:23." RSA 651-A:23 provides, in part:

> Any prisoner who is confined to the state prison, any house of correction, any jail or any other place shall be granted

credit against both the maximum and minimum terms of his sentence equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement.

"This court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole, and when the issue raised presents a new question of statutory construction, we begin our analysis with an examination of the statutory language." *Atwood v. Owens*, 142 N.H. 396, 398, 702 A.2d 333, 335 (1997) (quotation omitted).

The language of RSA 651:3 and RSA 651-A:23 unambiguously requires that defendants receive credit for any time awaiting sentencing while in jail.

It is true that the defendant's liberty was restricted during the pre-sentencing period, but the restrictions do not rise to the level of control associated with incarceration in jail. Citing RSA 651:2, V(b) (Supp. 1999), the defendant argues that he was effectively serving his sentence during his period of home release. This argument fails as RSA 651:2, V(b) describes conditions of probation, not incarceration. We do not address the defendant's remaining arguments because they lack merit and warrant no further discussion. *Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993). Although the defendant's notice of appeal and brief challenge the conditions on future employment contained in the sentencing orders, those issues were not raised before the trial court and are not preserved for appeal. *See State v. Johnson*, 130 N.H. 578, 587, 547 A.2d 213, 218 (1988).

Accordingly, we hold the superior court properly applied the statutes that provide credit for pre-sentencing confinement.

*Affirmed.*

HORTON and BRODERICK, JJ., concurred; GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.