Hillsborough-northern judicial district
No. 2011-154

STATE OF NEW HAMPSHIRE

v.

EMPIRE AUTOMOTIVE GROUP, INC.

Argued: November 10, 2011
Opinion Issued: December 28, 2011

*Michael A. Delaney*, attorney general (*Constance N. Stratton*, senior assistant attorney general, on the brief and orally), for the State.

*Sheehan Phinney Bass + Green, P.A.*, of Manchester (*W. Michael Dunn* and *Paul S. Reuland* on the brief, and *Mr. Dunn* orally), for the defendant.

LYNN, J. This is an interlocutory appeal from the ruling of the Superior Court (*Abramson*, J.) denying defendant Empire Automotive Group, Inc.'s motion to dismiss two indictments charging it with felony violations of the New Hampshire Consumer Protection Act (CPA). We affirm and remand.

The pertinent facts, as reflected by the record and the interlocutory appeal statement, are as follows. The defendant is licensed by the New Hampshire Banking Department pursuant to RSA chapter 361-A (2009 & Supp. 2011) as a seller of motor vehicles subject to retail installment sales contracts. On May 20, 2010, the defendant was indicted by the grand jury on two counts of violating the CPA by allegedly placing inspection stickers (indicative of having passed inspection) on two automobiles sold to consumers under installment sales contracts when the defendant knew the vehicles had not passed the on-board diagnostic emissions tests required by the New Hampshire Division of Motor Vehicles. *See* RSA 358-A:2, V (2009) (making it unlawful to represent that goods have approvals or qualities they do not have); RSA 358-A:6, I (2009) (providing that conviction of a person, other than a natural person, of violating RSA 358-A:2 is a felony).

The defendant moved to dismiss the indictments on the grounds that its conduct was exempt from the CPA and subject to the exclusive jurisdiction of the banking department, and that the department of justice, which initiated the criminal proceedings, lacked authority to do so. The trial court denied the motion as well as the defendant's motion to reconsider.

On appeal, the defendant first argues that RSA 358-A:3, I (2009) exempts it from the CPA. This is a matter of statutory construction, and we therefore begin our analysis by considering the plain meaning of the words used in the CPA. *See Averill v. Cox*, 145 N.H. 328, 330-31 (2000). RSA 358-A:3 provides, in relevant part:

> The following transactions shall be exempt from the provisions of this chapter:
>
> I. Trade or commerce that is subject to the jurisdiction of the bank commissioner, the director of securities regulation, the insurance commissioner, the public utilities commission, the financial institutions and insurance regulators of other states, or federal banking or securities regulators who possess the authority to regulate unfair or deceptive trade practices. This paragraph includes trade or commerce under the jurisdiction of, and regulated by, the bank commissioner pursuant to RSA 361-A, relative to retail installment sales of motor vehicles.

The defendant contends that because it is licensed under RSA chapter 361-A, it is subject to the jurisdiction of the bank commissioner and therefore its alleged conduct falls within the terms of the above statutory exemption. We disagree.

■ ■ RSA chapter 361-A establishes a comprehensive licensing and regulatory scheme for persons engaged in the business of selling or providing financing for the sale of motor vehicles using "retail installment contract[s]." RSA 361-A:1, X (Supp. 2011). Thus, the "trade or commerce" subject to the jurisdiction of the bank commissioner under RSA chapter 361-A involves the sale of motor vehicles pursuant to such retail installment contracts. Here, however, the fact that the two motor vehicles in question may have been sold under retail installment contracts has nothing whatsoever to do with the fraudulent conduct alleged in the indictments.

The indictments make no mention of the financial terms under which the vehicles at issue were sold; rather, they allege that the defendant placed inspection stickers on vehicles that had not, in fact, passed inspection. This alleged conduct, having nothing at all to do with the financing of the vehicles, would clearly violate the CPA regardless of whether the vehicles were sold under retail installment contracts by an RSA chapter 361-A licensed dealer, such as the defendant, or were sold for cash by a dealer not required to be licensed under chapter 361-A. *Cf. Hughes v. DiSalvo*, 143 N.H. 576, 578 (1999) (holding that CPA is "not available where the transaction is strictly private in nature, and is in no way undertaken in the ordinary course of a trade or business" (quotation omitted)); *Beer v. Bennett*, 160 N.H. 166 (2010) (upholding private civil judgment against New Hampshire licensed automobile dealer for violating the CPA).

Likewise, the defendant does not identify, nor have we located, any provision of RSA chapter 361-A that grants the bank commissioner authority to regulate the inspection of motor vehicles or the placement of inspection stickers on motor vehicles. *Compare Averill*, 145 N.H. at 334 (concluding that attorney disciplinary scheme established by judiciary "protects consumers from fraud and deception in the marketplace in a manner calculated to avoid the same ills as RSA chapter 358-A" (quotation omitted)); *Bell v. Liberty Mut. Ins. Co.*, 146 N.H. 190, 194 (2001) ("regulation of the insurance industry is comprehensive and protects consumers from the same fraud and unfair practices as RSA chapter 358-A" (quotation omitted)). Such authority resides with the department of safety, *see* RSA 266:1 (Supp. 2011), :59-b (Supp. 2011), an agency not listed among those whose regulatory jurisdiction creates an exemption from the CPA. RSA 358-A:3, I.

For all these reasons, we hold that the "trade or commerce" involved in this case is the sale of motor vehicles. It is not the sale of motor vehicles pursuant to retail installment contracts within the jurisdiction of the bank commissioner. Accordingly, the claims at issue here are not exempt from the CPA.

■ The defendant also argues that RSA 383:10-d (2006) supports its status as exempt from the CPA with respect to the transactions at issue. This statute states, in part: "The [bank] commissioner shall have exclusive authority and jurisdiction to investigate conduct that is or may be an unfair or deceptive act or practice under RSA 358-A *and exempt under RSA 358-A:3, I* . . . ." (Emphasis added.) But as the quoted statutory text makes clear, in order to fall within the "exclusive authority and jurisdiction" of the bank commissioner, the conduct at issue must be both an actual or potential violation of the CPA *and* exempt under RSA 358-A:3, I. Since, as discussed above, the conduct involved here is not exempt from the CPA pursuant to RSA 358-A:3, I, it does not fall within the exclusive investigative authority of the bank commissioner. For this same reason, even if we were to assume that conduct that *does* fall within the reach of RSA 383:10-d, and which is criminal in nature, could not be prosecuted by the department of justice absent a referral from the bank commissioner, *see* RSA 383:10-d, no such conduct is at issue in this case.

Finally, the defendant argues that, if construed to permit the department of justice to bring criminal charges without a referral from the bank commissioner, the statutory scheme is rendered "so confusing that it authorizes or encourages arbitrary enforcement" and is therefore "impermissibly vague." However, the defendant failed to raise this issue before the trial court and it therefore is not preserved for our review. *State v. Duquette*, 145 N.H. 374, 376 (2000).

*Affirmed and remanded.*

DALIANIS, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.